JOHN A. THOMAS v. HIRAM M. CARPENTER.

[Abstract Kentucky Law Reporter, Vol. 5—612.]

**Breach of Contract.**

> Where one buys wheat and agrees to furnish sacks to be used by the seller in delivering the wheat and fails to do so, and the wheat is damaged on account of such failure, he is liable for such damages.

**Measure of Damages.**

> Where one sells wheat agreeing to deliver it in a certain condition and he delivers it in a damaged condition, and the buyer declines to pay for it for the reason that it is damaged, but receives it as damaged wheat, the seller can recover only the market value of the wheat as damaged wheat.

APPEAL FROM MASON CIRCUIT COURT.

January 29, 1884.

OPINION BY JUDGE PRYOR:

The testimony on the part of both the appellee and the appellant shows a contract for the delivery of merchantable wheat. There is no issue on this branch of the controversy, and therefore if the wheat was not merchantable the appellant was not bound to receive it or liable to the appellee for damages, unless appellant had violated the contract in failing to furnish sacks within a reasonable time and this failure had caused the loss to the appellee. This is in fact the only issue between these parties. Appellee alleges and proves that appellant was to furnish the sacks in which to put the wheat; that he called on him for that purpose and appellant refused to furnish the sacks, insisting that such was not the contract; that by reason of this failure on the part of appellant the wheat, being in the field, was damaged by the constant rains that fell after the time in which he would have had his wheat ready for delivery if the sacks had been furnished. Appellant alleges and proves on his part that at the time the wheat was purchased he or his agent was informed by appellee that the wheat was in the barn, and that he made no contract to furnish sacks.

It results, therefore, that if appellant was to furnish the sacks and failed to do so and that this act of his prevented the appellee

from threshing his wheat and delivering it according to contract, and that in consequence of this delay the wheat was damaged, the appellant is liable for the damages sustained; and on the contrary if such was not the contract, or the damages to the wheat resulted from the constant rains upon it before it could have been delivered if the sacks had been furnished in a reasonable time, no damages can be recovered of the appellant.

As to the two hundred three bushels of wheat delivered, if the wheat was damaged at the time and so known to the appellant and he received it unconditionally, the appellee is entitled to recover the contract price. On the contrary, if the two hundred three bushels of wheat were delivered in a damaged condition, and the appellant declined to pay for it, for the reason that it was damaged, and received it as damaged wheat, the jury can find for appellee its market value only, and such should have been the instruction to the jury. If the defendant (appellant) complied with his part of the contract, and the appellee failed or refused to deliver the wheat, then the defendant is entitled to recover on his counterclaim the difference, if any, between the price to be paid and the marketable value of the wheat at the place of delivery. Instructions 1, 2, 3 and 4, given for the appellee, should have been refused. There was no such contract proved as is embraced by instruction No. 2 for the appellee. The entire crop of wheat was purchased by the appellant, but it was to be merchantable wheat and delivered by appellee to the appellant. If it was not merchantable wheat the appellant was not bound to receive it, unless his own act caused the damage.

The judgment below is therefore *reversed* and cause remanded with directions to award a new trial and for proceedings consistent with this opinion.

*T. C. Campbell, Wm. Lindsay, for appellant.*

*Wadsworth & Sons, for appellee.*